**Dawn F. SHERMAN, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 03–7006.**

United States Court of Appeals, Federal Circuit.

April 14, 2003.

Before MAYER, Chief Judge, SCHALL and DYK, Circuit Judges.

PER CURIAM.

Dawn F. Sherman seeks review of the decision of the United States Court of Appeals for Veterans' Claims, *Sherman v. Principi,* No. 00–2064 (Vet.App. June 26, 2002), affirming the referral of her claim for dependency and indemnity compensation ("DIC") to the appropriate Veterans' Affairs regional office. We *dismiss for lack of jurisdiction.*

Sherman filed a claim with the regional office that was adjudicated as if it were a claim for accrued benefits. She appealed the denial of her claim to the Board of Veterans' Appeals arguing that she had

708

not filed a claim for accrued benefits; rather she filed a claim for DIC. The board referred the matter back to the regional office for an adjudication of her DIC claim. Sherman appealed that order to the court arguing that it should remand the matter back to the board, rather than affirm the referral back to the regional office, and require the board to decide the DIC claim because it had all relevant evidence. The court declined, affirming the Board decision referring the matter to the regional office for an initial adjudication of the DIC claim. Sherman now appeals the referral order here, arguing that we should remand the matter to the court and require it to determine the merits of the claim.

Our jurisdiction over judgments of the court is limited to the review of final decisions, which usually does not include remands. *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed.Cir.2001). This " 'final judgment' rule ordinarily limits our jurisdiction to appeals from a decision or order that 'ends the litigation on the merits and leaves nothing for the court to do but execute judgment.' " *Id.* at 1372 (internal citation omitted). No decision has been entered on Sherman's DIC claim; it has been referred to the regional office for an initial adjudication. Therefore, we lack jurisdiction to hear this case.